UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

TYRONE GRAY, NATHAN LIAS, JR.,
DAVID GEORGE, WILLIE JAMES CURTIS,
and EDWARD GIBSON,

      Plaintiffs,

v.

TRIPLE J GRASSING, LLC, PAMELA
KOLLMANN and KEVIN KOLLMANN,

      Defendants.
_____/

## C O M P L A I N T

Plaintiffs, TYRONE GRAY, NATHAN LIAS, JR., DAVID GEORGE, WILLIE JAMES CURTIS, and EDWARD GIBSON, , by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendants, TRIPLE J GRASSING, LLC, PAMELA KOLLMANN and KEVIN KOLLMANN, and alleges as follows:

1. Plaintiffs bring this action against Defendants to recover unpaid wages, compensation and damages.

2. Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiffs have been citizens and residents of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, TRIPLE J GRASSING, LLC was Plaintiffs' employer as

defined by law and a corporation conducting business in this judicial district.

6. At all times material hereto TRIPLE J GRASSING, LLC had employees engaged in interstate commerce or in the production of goods for interstate commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person.  29 U.S.C. §203.

7. At all times material hereto, TRIPLE J GRASSING, LLC, upon information and belief, had revenue in excess of $500,000.00 per annum.

8. At all times material hereto, PAMELA KOLLMANN and KEVIN KOLLMANN was Plaintiffs' employer as defined by law.  PAMELA KOLLMANN and KEVIN KOLLMANN had operational control over TRIPLE J GRASSING, LLC and is directly involved in decisions affecting employee compensation and hours worked by employees.  Moreover, PAMELA KOLLMANN and KEVIN KOLLMANN controlled the finances for TRIPLE J GRASSING, LLC.

9. At all times material hereto, Plaintiffs were individually engaged in interstate commerce while working for Defendants.

## COUNT I: FLSA RECOVERY OF OVERTIME WAGES

10. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 9 above.

11. Plaintiff, TYRONE GRAY, worked for Defendants within the past three years.

12. Plaintiff worked for Defendants as a sod layer.

13. Plaintiff's primary duties and responsibilities included laying grass sod/landscaping.

14. Plaintiff was paid at a rate of $9.00 per pallet.

15. Plaintiff, NATHAN LIAS, JR., worked for Defendants within the past three years.

16. Plaintiff worked for Defendants as a sod layer.

17. Plaintiff's primary duties and responsibilities included laying grass sod/landscaping.

18. Plaintiff was paid at a rate of $8.50 per pallet.

19. Plaintiff, DAVID GEORGE, worked for Defendants within the past three years.

20. Plaintiff worked for Defendants as a sod layer.

21. Plaintiff's primary duties and responsibilities included laying grass sod/landscaping.

22. Plaintiff was paid at a rate of $8.00 per pallet.

23. Plaintiff, WILLIE JAMES CURTIS, worked for Defendants within the past three years.

24. Plaintiff worked for Defendants as a sod layer.

25. Plaintiff's primary duties and responsibilities included laying grass sod/landscaping.

26. Plaintiff was paid at a rate of $8.00 per pallet.

27. Plaintiff, EDWARD GIBSON, worked for Defendants within the past three years.

28. Plaintiff worked for Defendants as a sod layer.

29. Plaintiff's primary duties and responsibilities included laying grass sod/landscaping.

30. Plaintiff was paid at a rate of $8.00 per pallet.

31. Plaintiffs were entitled to time and one-half Plaintiffs' regular rate of pay for hours worked over 40 hours per week.

32. During one or more workweeks, Defendants did not pay Plaintiffs time and one half Plaintiffs' regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

33. Defendants knew or should have known of the unpaid and/or underpaid overtime hours worked.

34. Plaintiffs were unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

35. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiffs have suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

36. Plaintiffs are owed an additional amount equal to the amount of unpaid overtime wages

as liquidated damages.

WHEREFORE, Plaintiffs hereby demand judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

<u>COUNT II: FLSA RECOVERY OF OVERTIME WAGES<br>COLLECTIVE ACTION COUNT</u>

37. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 9 above.

38. Plaintiff, TYRONE GRAY, worked for Defendants within the past three years.

39. Plaintiff worked for Defendants as a sod layer.

40. Plaintiff's primary duties and responsibilities included laying grass sod/landscaping.

41. Plaintiff was paid at a rate of $9.00 per pallet.

42. Plaintiff, NATHAN LIAS, JR., worked for Defendants within the past three years.

43. Plaintiff worked for Defendants as a sod layer.

44. Plaintiff's primary duties and responsibilities included laying grass sod/landscaping.

45. Plaintiff was paid at a rate of $8.50 per pallet.

46. Plaintiff, DAVID GEORGE, worked for Defendants within the past three years.

47. Plaintiff worked for Defendants as a sod layer.

48. Plaintiff's primary duties and responsibilities included laying grass sod/landscaping.

49. Plaintiff was paid at a rate of $8.00 per pallet.

50. Plaintiff, WILLIE JAMES CURTIS, worked for Defendants within the past three years.

51. Plaintiff worked for Defendants as a sod layer.

52. Plaintiff's primary duties and responsibilities included laying grass sod/landscaping.

53. Plaintiff was paid at a rate of $8.00 per pallet.

54. Plaintiff, EDWARD GIBSON, worked for Defendants within the past three years.

55. Plaintiff worked for Defendants as a sod layer.

56. Plaintiff's primary duties and responsibilities included laying grass sod/landscaping.

57. Plaintiff was paid at a rate of $8.00 per pallet.

58. Plaintiffs were entitled to time and one-half Plaintiffs' regular rate of pay for hours worked over 40 hours per week.

59. During one or more workweeks, Defendants did not pay Plaintiffs time and one half Plaintiffs' regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

60. Defendants knew or should have known of the unpaid and/or underpaid overtime hours worked.

61. Other employees of Defendants, who were employed in the same or similar capacity as Plaintiffs, and who performed the same or similar job duties and responsibilities as Plaintiffs, also were not paid time and one half their regular rate of pay for overtime hours worked in one or more workweeks by Defendants.

62. Plaintiffs, and other similarly situated employees, were unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

63. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiffs, and others similarly situated, has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

64. Plaintiffs, and the others similarly situated, are owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiffs, on behalf of Plaintiffs and others similarly situated, hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

## TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues so triable.

                                            Respectfully submitted,

                                            TODD W. SHULBY, P.A.
                                            1792 Bell Tower Lane
                                            Weston, Florida 33326
                                            Telephone No.: (954) 530-2236
                                            Facsimile No.: (954) 530-6628
                                            E-mail: tshulby@shulbylaw.com
                                            Counsel for Plaintiffs

                                  By:      /s/Todd W. Shulby, Esq.
                                                    Todd W. Shulby, Esq.
                                                    Florida Bar No.: 068365